A07A1510. IN THE INTEREST OF M. M., a child.
(651 SE2d 155)

JOHNSON, Presiding Judge.

The Chatham County Juvenile Court adjudicated M. M. delinquent after determining he committed an act which, were he an adult, would constitute the crime of felony obstruction of an officer. M. M. appeals. For the reasons that follow, we affirm the trial court's judgment.

Viewed in a light most favorable to the judgment, the evidence shows that Matthew Willis, a juvenile probation officer, went to the home of M. M., a child under his supervision. Willis was initially inquiring about the child's school attendance but, during the visit, became concerned about the child's unusual behavior. Willis administered a drug test, which M. M. failed. When Willis told the child he would be taken to the juvenile detention center, the child bolted out of the apartment. Willis ran after him and managed to grab the child. The child physically resisted and the two fell down a flight of stairs. As a result of the fall and an ensuing struggle, Willis sustained injuries to his hand, arms and knee. The child was charged with felony obstruction of an officer.

At trial, M. M. moved to dismiss the charge, arguing that the obstruction statute (OCGA § 16-10-24 (b)) does not apply to obstruction of a juvenile probation officer because "juvenile probation officer" is not included in the statute's list of persons protected by the obstruction law. The trial court properly denied the motion.

OCGA § 16-10-24 (b) provides:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony.

The statute at issue includes a wide range of personnel. Although it specifically lists several classes of personnel without listing "juvenile probation officer," it also generally prohibits resistance toward a *"legally authorized person."* The officer here was such a person.

Under OCGA § 15-11-24.2 (5), a juvenile probation officer's responsibilities include

> tak[ing] into custody and detain[ing] a child who is under the supervision or care of such probation officer as a delinquent, unruly, or deprived child if the probation officer has reasonable cause to believe that the child's health or safety or that

of another is in imminent danger, or that the child may abscond or be removed from the jurisdiction of the court, or when so ordered by the court pursuant to this article.

In attempting to take into custody a child under his supervision who tested positive for illegal drug use, the juvenile probation officer was a legally authorized person lawfully discharging his duties.

Moreover, we agree with the trial court that "juvenile probation officer" comes within the ambit of the more general term "probation supervisor." We are not persuaded by M. M.'s contention that the legislature's failure to include the word "juvenile" indicates that it intended the inclusion of only supervisors of adult probationers. The statute does not specify either "adult" or "juvenile," but uses the general term "probation supervisor." That was sufficient. We note that Chapter 11 of Title 15 of the Official Code of Georgia, which governs juvenile proceedings, refers to juvenile probation officers simply as "probation officers," without specifying "juvenile."[1]

The authority upon which M. M. relies as defining "probation supervisor" as an officer who supervises only adult probationers does not support his position. For instance, OCGA § 35-8-2 (8) (B.1), which M. M. says requires a juvenile justice employee to have the power of arrest in order to qualify as a law enforcement officer, sets forth a definition of "peace officer" for purposes of OCGA Title 35, Chapter 8 (Employment and Training of Peace Officers), not a definition of "probation supervisor" for purposes of the statute at issue here (or any other statute). And, contrary to M. M.'s position, OCGA § 42-8-30 does not "specifically [limit]" the role of the "probation supervisor" over juveniles to those counties in which no juvenile probation system exists.[2] Nothing in the statutory language is so limiting. There was no error.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 10, 2007 — 

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Allison E. Bailey, Assistant District Attorney*, for appellee.

---

[1] See, e.g., OCGA §§ 15-11-24.1; 15-11-24.2.

[2] OCGA § 42-8-30 provides that in the counties where no juvenile probation system exists, juvenile offenders shall be supervised by probation supervisors and that, other than in this respect, nothing in this article shall be construed to change or modify any law relative to probation as administered by any juvenile court in this state.